UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

ERNESTINA D. SALDANA

V.                                              PRISONER
                                   CASE NO. 3:07CV890 (PCD)
UNITED STATES OF AMERICA

RULING AND ORDER

The petitioner has filed this petition for writ of habeas corpus pro se pursuant to 28 U.S.C. § 2241. In February 2001, in the United States District Court for the Western District of Texas, a jury convicted the petitioner of a violation of 21 U.S.C. §§ 841 and 846. A judge sentenced the petitioner to 120 months of incarceration. The petitioner did not appeal her conviction. The petitioner filed no petitions, applications or motions challenging the judgment of conviction or her sentence.

In the present petition, the petitioner challenges the length of her sentence. The petitioner claims that the United States Attorney who prosecuted her case failed to uphold his promise to file a motion pursuant to Rule 35(b), Fed. R. Crim. P. seeking a sentence reduction due to her assistance in the investigation and prosecution of another individual rendered after the imposition of her sentence.

Under Rule 35(b), the government may move to reduce a defendant's sentence if the defendant provides substantial

assistance to the Government after sentencing. Fed. R. Crim. P. 35(b)(2). Here, petitioner asserts that the Government has failed to file a motion to reduce her sentence. She contends that this failure was due to unconstitutional as well as other non-constitutional motives. See Wade v. United States, 504 U.S. 181, 185-86, (1992) (government's refusal to file a Rule 35(b) motion is not reviewable unless that refusal is based on an unconstitutional motive, such as race or religion). For relief, petitioner seeks the five year reduction in her sentence she claims that she is entitled to under Rule 35(b), Fed. R. Crim. P.

On June 12, 2007, the court issued an Order to Show cause directing the respondent to file a memorandum in response to the petition. On July 26, 2007, the court issued an Order pursuant to the Second Circuit's instructions in Adams v. United States, 155 F.3d 582, 583-84 (2d Cir. 1998), directing petitioner to either agree to re-characterize her petition as a section 2255 motion or withdraw her petition. The order informed petitioner that her failure to file a notice within the time specified would result in dismissal of the case. In view of this second order, on October 5, 2007, the court issued an Order vacating the Order to Show Cause.

The petitioner seeks reconsideration of the court's order vacating the order to show cause. The Motion for Reconsideration [doc. # 7] is **GRANTED**. After careful reconsideration, the October 5, 2007 Order [doc. # 6] vacating the order to show cause is **AFFIRMED**.

Petitioner has also responded to the court's July 26, 2007 Order. She disagrees with the characterization of her petition as a motion to vacate or set aside her sentence filed pursuant to 28 U.S.C. § 2255. She contends that she properly filed the petition pursuant to 28 U.S.C. § 2241 because she seeks relief relating the execution of her sentence. She states that she does not agree to re-characterizing the petition as a motion filed pursuant to 28 U.S.C. § 2255.

Although Section 2255 is primarily used to address mistakes which occurred at trial or during sentencing, any reduction in a defendant's sentence granted pursuant to Rule 35(b), would require the sentencing judge to modify the sentence originally imposed. Thus, a challenge to the government's failure to file a Rule 35(b) motion is inextricably connected to the imposition of the defendant's sentence and should be raised in a section 2255 motion rather than in a section 2241 petition. Because the petitioner has not agreed to the re-characterization of the petition as a section 2255 motion and has not informed the court that she seeks to withdraw the petition, the petition [**doc. # 1**] is **DISMISSED** without prejudice.[1] The Clerk is directed to enter judgment and close this

---

[1] Even if the court were to construe the petition as a motion for Rule 35(b) relief based on the government's refusal to file a Rule 35(b) motion, such a motion must be filed in the court where petitioner was sentenced. See United States v. Ellenbogen, 390 F. 2d 537, 543 (2d. Cir. 1968) (underlying objective of Rule 35 is "to give every convicted defendant a second round before the sentencing judge, and [afford] the judge an opportunity to reconsider the sentence in light of any further

3

case.

SO ORDERED at New Haven, Connecticut this 23rd day of September, 2008.

/s/
Peter C. Dorsey
United States District Judge

---

information about the defendant or the case which may have been presented to him in the interim.") Thus, the court would not have jurisdiction to order the relief requested in the motion. The petitioner is free to file a motion pursuant to Rule 35(b) in her federal criminal case in the United States District Court for the Western District of Texas.